{¶ 23} I respectfully dissent from the majority's decision because I find that the trial court abused its discretion in granting a new trial and therefore I would reverse.
 {¶ 24} In order to fully comprehend the trial court's abuse of its discretion, it is necessary to give a broader history of the case at hand than is recited by the majority.
 {¶ 25} Since 1990, Crew and Cicchini have been embroiled in numerous legal battles in juvenile court regarding custody, visitation, and support of their son. In fact, at the same time these motions were filed, Cicchini v. Crew (Dec. 18, 2000), Cuyahoga App. Nos. 74009, 76954, (Cicchini I) was pending before this court. In Cicchini I, the January 28, 1998 support order was at issue, among other matters.
 {¶ 26} As stated by the majority, on November 27 and 28, 2000, an evidentiary hearing was held on Cicchini's alleged change of circumstances and request to modify the support order.
 {¶ 27} At the November 27 hearing, an issue arose regarding deposits into Cicchini's personal checking account. Between April and December 1999, $1,257,455.44 was deposited into the account. When Crew's counsel inquired about these deposits, Cicchini was unable to identify the source of the deposits. At the request of Cicchini's attorney, the evidentiary hearing was continued and Cicchini produced a large stack of canceled checks the very next day. However, due to the large volume, Crew's attorney requested that she be given time to review them and requested a continuance for the cross-examination of Cicchini.
 {¶ 28} The trial court issued an order as a result of the November 27 and 28 hearings, dated December 6, 2000, and journalized on February 9, 2001. In this order, the trial court declared that "all evidence was heard and submitted" and further stated "the Court shall issue an order after argument and findings of fact and conclusions of law are submitted. * * * [T]he parties shall submit closing Argument and Findings of Fact and Conclusions of Law by January 29, 2001."
 {¶ 29} On December 18, 2000, this court upheld the trial court's January 1998 support order. See Cicchini I. Pursuant to this court's instruction, the trial court issued an order on January 22, 2001[1]
regarding the Cicchini I decision. In this order, the trial court acknowledged the pending motions to modify child support by again ordering Cicchini and Crew to file final arguments and proposed findings of fact and conclusions of law on or before January 29, 2001.
 {¶ 30} In this order, the court also made a series of findings which reveal that Cicchini engaged in delay tactics while the motions to modify were pending. As stated by the trial court, although discovery was requested by Crew prior to the November 27, 2000 hearing, Cicchini informed Crew that canceled checks and documents reflecting deposits into his personal account did not exist. However, after some discussion on the record at the November 27, 2000 hearing, Cicchini's counsel produced stacks of canceled checks the very next day. Also on November 28, 2000, the court verbally ordered Cicchini to provide copies of these documents to Crew's attorney for her review, but Cicchini failed to do so until a subsequent court hearing held on December 21, 2000.
 {¶ 31} In concluding its January 2001 order, the court stated "that pursuant to agreement of counsel and the parties at the hearing held on November 28, 2000, counsel for Defendant may notify the court and all counsel of record that she desires to re-open her case based upon the submission of this new documentation." The court ordered that such request to re-open Crew's case-in-chief after review of the documents shall be in writing and shall occur before January 28, 2001.
 {¶ 32} On January 29, 2001, the parties filed proposed findings of fact and conclusions of law, which contained no mention of the source of the 1999 checking account deposits.
 {¶ 33} On April 13, 2001, the trial court issued an order which modified the child support and, in reference to the disputed deposits, the trial court found that Cicchini could not identify the source of these deposits.
 {¶ 34} In Cicchini's April 27, 2001 motion for new trial, he argued that the trial court erred by including the amount of the 1999 checking account deposits when he was not given an opportunity to testify as to the source of these deposits. He further explained the source of the deposits and the reason said deposits should be excluded from the gross income calculation.
 {¶ 35} On December 20, 2001, the trial court held a lengthy hearing[2] on the motion for new trial. At the time of the December 2001 hearing, the financial documentation had already been produced and reviewed by all parties. Thus, since this matter was not tried to a jury, the trial court could have used this hearing as an opportunity to exercise its authority under Civ.R. 59 to "open the judgment * * * take additional testimony, amend findings of fact and conclusions of law * * * and enter a new judgment." Instead, the trial court engaged in lengthy, incoherent stories about law school professors, trips to New Orleans, his children, other cases he was trying or had tried, and trips to McDonald's with his wife.[3] Often the trial court interrupted the attorneys[4]
to continue the stories instead of dealing with the issue at hand.
 {¶ 36} On the same date, the trial court granted the motion. The trial court's justification for granting the new trial was "for good cause shown in order to present additional evidence and/or testimony * * *."
 {¶ 37} In the order granting a new trial, the court attempts to narrow the scope of the second trial by stating that only evidence regarding Cicchini's gross income is to be submitted. However, this was the main issue in controversy at the first trial and the purpose of the November 27, 2000 hearing. Specifically, it was Cicchini who provided Crew with the evidence of the bank deposits during the discovery process prior to the evidentiary hearing. If he disputed that these deposits were part of his gross income he should have been prepared to argue the point at the hearing.
 {¶ 38} Even if we assume that Cicchini was surprised by Crew's attempt to include the 1999 deposits as part of his gross income, the trial court gave him ample opportunity to introduce evidence of the source of the deposits by continuing the hearing. Cicchini then brought the evidence to court on November 28, 2000.
 {¶ 39} Although the trial court subsequently put the burden to introduce this evidence on Crew, at no time did Cicchini file a motion to re-open his case or attempt to introduce this evidence by way of proffer. Furthermore, when the trial court stated in its January 2001 order that all evidence had been submitted, Cicchini never objected.
 {¶ 40} In addition, on January 29, 2001, Cicchini filed his proposed findings of fact and conclusions of law, and remained completely silent on the issue of the source of the 1999 checking account deposits. The first time that he explained the source of the 1999 deposits is in his motion for new trial filed on April 27, 2001, five months after the issue was initially raised and the evidence was "discovered."
 {¶ 41} As stated by this court in Tanton v. Zubkowicz (1972),43 Ohio App.2d 1, "[t]he granting of a new trial on the grounds that a party failed to properly present evidence to the trier of the facts is an abuse of discretion." Id., see also, Balwas v. Balwas (Sept. 7, 2000) Cuyahoga App. No. 75946.
 {¶ 42} Here, Cicchini failed to present the evidence at issue despite having ample opportunity to do so. Accordingly, the trial court abused its discretion in providing him another chance to present this evidence by granting him a new trial. To hold otherwise serves only to reward Cicchini's use of delay tactics during the course of these proceedings.
 {¶ 43} Accordingly, I would reverse the juvenile court's decision.
[1] This order was not journalized until February 9, 2001, but will be referred to as the January 2001 order.
[2] The transcript of the proceeding is 72 pages in length.
[3] See pp. 5-6, 9, 10-12, 16-17, 30, 33, 37, 39-40, 42-43, 45-46, 60 (goes off the record to continue the discussion), 64, 70-72. See also, pp. 13-35 (A dispute exists between the parties regarding where their son should go to high school. Among addressing the legitimate factors to be considered, the trial court engages in lengthy personal opinions regarding distance between the child's home and school and the benefits of a Catholic education.)
[4] See pp. 5, 71 (referring to the attorneys while the entry granting the new trial was being drafted, "You guys work on the that while I tell [Cicchini] a story about his McDonald's.")